Filed 01/08/24

## STATE OF VERMONT

**SUPERIOR COURT**                                        **CIVIL DIVISION**
**ORLEANS UNIT**                                    **Docket # 239-10-18 Oscv**


**CINDY SANVILLE,**
**Plaintiff,**

**v.**

**TOWN OF ALBANY,**
**MARY LOU BUCHANAN,**
**RALPH BUCHANAN**
**Defendants**

**And**

**RALPH BUCHANAN,**
**Cross Claim Plaintiff,**

**v.**

**TOWN OF ALBANY,**
**Cross Claim Defendant**


### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER


This case concerns a parcel of land currently owned by the Town of Albany but subject to a condition and right of entry held by heirs of the original grantors. Plaintiff Cindy Sanville is the owner of adjoining property and has sued both the Town and the purported holder of the right of entry, Ralph Buchanan, seeking a declaration concerning the right to ownership of the property. Defendant Buchanan has filed a cross claim against the Town seeking ownership pursuant to the right of entry based on a claim of non-use of the property in violation of a condition in the deed. The Town opposes both claims and asserts the right to continuing ownership.

A final hearing was held on December 18, 2023. Cindy Sanville was present and represented by Attorney Michael Tarrant; Brian Goodridge, Selectboard member was present on behalf of the Town which was represented by Attorney Claudine C. Safar; and Ralph Buchanan was present and represented by Attorney William L. Durrell. The court had previously conducted a site visit with the parties and attorneys on September 19, 2023.

1

Prior rulings in a Vermont Supreme Court decision on interlocutory appeal, have established the following:

- The 1955 deed conveyed to the Town fee simple ownership subject to a condition subsequent such that Buchanan heirs hold a right of entry which they may exercise if the condition specified in the deed is violated.[1]
- Logging by the Town on the subject property did not constitute a violation of the deed condition and thus the Buchanan heirs were not entitled to exercise the right of entry on the basis of Town logging.[2]

Based on the evidence, the court makes the following Findings of Fact, Conclusions of Law, and Order.

## Findings of Fact

The parcel at issue is an undeveloped piece of land located on the shore of Hartwell Pond in the Town of Albany. It has not been surveyed and the exact acreage is unknown but it is estimated to be less than 40 acres. Hartwell Pond is a clean and pristine natural pond, home to wildlife. There is no public access to it. The entire shoreline is in private ownership and used mostly for seasonal camps. The portion of the parcel along the shorefront is thickly wooded and there are no roads or access trails leading to the pond. The terrain rises steeply uphill away from the pond. There is a flat plateau area above, near the Town road, that was also thickly wooded until recent logging described below but now has an open area where the log landing was.

Decades ago the property was owned by ancestors of Ralph Buchanan who were very involved in 4-H and worked with young 4-H members on forestry projects. In 1955, the two owners of the parcel, Emma Buchanan (Ralph Buchanan's grandmother) and R.O. Buchanan (the brother of Emma's deceased husband) deeded the property to the Town on the following terms:

> It is expressly understood and agreed that in the event the Grantee shall use or suffer the use of said lands for any other purpose than as a memorial 4-H forest for use by young people in particular, and for 4-H recreational and forestry purposes, this conveyance shall thereupon become void and the title to said premises on demand shall revert to the Grantors, their successors and assigns, and they shall have the right to re-enter and repossess themselves of the same.

At that time, approximately 7-9 acres of the parcel was planted with red pine, white pine, and Norway spruce. As later determined by a forester who examined the growth circles of the trees, the plantation was likely planted in the 1930's. There is no evidence about the use of the property for several years after the 1955 deed. Cindy Sanville was born in 1961

---

[1] Decision of October 6, 2022. The trial court ruling that the right held was a right of entry upon condition subsequent, and not an automatic right of reversion, was not challenged in the interlocutory appeal that addressed construction of deed terms. *Sanville v. Town of Albany*, 2022 VT 22, ¶ 23.
[2] *Id.* at ¶ 20.

and went to her relatives' camp on Hartwell Pond frequently in the summer while growing up. She had an understanding that the parcel belonged to the boy scouts.

In 1975, John Michael Green was a municipal forester for the State of Vermont. His job included approaching towns and villages in the northern part of the state to encourage them to have their municipal forests become certified so that the State could provide them with forestry services. He visited the property and observed the plantation of softwoods and their age and condition. He determined that the plantation trees were close together and needed thinning--some needed to be removed to let others grow as healthy trees. He is the one who counted the rings and determined that the trees had been planted in the 30's. He concluded that the plantation trees had not been touched since they were planted. He also observed that the section of hardwood in back of the plantation was in need of "TSI," meaning timber stand improvement. He notified the Town of the opportunity to certify the forest and receive the benefit of forestry services from the State, but he never heard back. He visited the forest again in 2023 in connection with this litigation and determined that the plantation trees had not grown well because they had not been thinned and had become subject to fungus and disease, and that the remaining plantation trees should be cut.

There is no evidence of any activity on the property between 1975 and 2015. The 4-H program in Vermont had been administered by the University of Vermont Extension Service since 1913. 4-H activities had become less active over time. While there had once been a 4-H chapter in Albany, there no longer was. Ralph Buchanan lived in Brattleboro, and had no knowledge of the property or the terms of the deed.

In 2013, Jared Nunery became the Orleans County Forester. In 2015, Sarah Clenman, acting on behalf of the UVM Extension Service, contacted Mr. Nunery regarding the status of the forest. In response Mr. Nunery visited the property and observed that the plantation of softwoods occupied about one-third of the property, and that the trees were still growing as originally spaced, as there had been no thinning or maintenance of the plantation.

At Town meeting in March of 2018, there was brief discussion of the property. A Paul Daniels advised that he had recently met with the County Forester, who recommended harvesting the timber on the property. The proceeds could be used to replenish town funds or support town initiatives. Selectboard member Brian Goodridge contacted Mr. Nunery.

On August 21, 2018 at a Selectboard meeting, a logger presented a timber harvest proposal to the Board. The Minutes include the following: "Phil advised the Selectboard is in communication with 4-H via UVM to participate in an educational project during the timber harvest of the plantation. Brian has been in contact with the forester who will meet with the 4-H representative on a coordinated project within the next few weeks." A motion to accept the timber contract passed.

3

On September 5, 2018, Mr. Goodridge and Mr. Nunery did a preliminary walk-through of the property with a focus on proposed forest management, with Mr. Nunery's observations later summarized in an email dated September 17, 2018. The day after the visit, Mr. Nunery notified Mr. Goodridge that he had been in touch with a teacher at the Albany School who was excited to bring her class to the property once the timber harvest got going. There was also discussion of school children being involved in planting trees for reforestation following the timber harvest and other activities such as sugaring.

At a Selectboard meeting in September, a written "tentative outline," resulting from the meeting that had occurred on September 5th, for plans for use of the property was distributed for discussion. The proposal was for: the logging to take place, the Orleans County Forester to "coordinate with the Albany Community School Principal to conduct educational, age appropriate field trips this fall," the log landing to become a parking lot, establishment of an access point to the pond for nonmotorized boats, and an area for limited camping and recreational use including a pavilion.

On September 13, 2018, Brian Goodridge emailed Mr. Nunery that a meeting would take place the following Tuesday with UVM representative Chuck Ross. Mr. Ross, on behalf of 4-H, attended a Selectboard meeting and supported the Town's project plans. At some point a site visit took place attended by Brian Goodridge, Sarah Clenman of the UVM Extension service, Kate Forrer from the UVM forestry program, the logging contractor, and Mr. Nunery.

On September 26, 2018, Ms. Sanville emailed Brian Goodridge. She had researched the deed and stated her conclusion that the deed condition meant that only 4-H was to use the land. She wanted to stop the proposed timber harvest. Mr. Goodridge responded as follows: "We have consulted with our town layer [sic] and UVMs lawyer who oversees 4 H has looked over deeds and sees nothing wrong with what we are doing."

Ms. Sanville located and contacted Ralph Buchanan, a descendant of the deed grantors, who was unaware of the Town's plans or the rights of family heirs.

On October 3, 2018, Ms. Sanville filed the Complaint in this lawsuit and included a Motion for Temporary Restraining Order and Preliminary Injunction. A hearing was held on October 16, 2018. The Town was allowed to remove all the cut logs to date but do no further cutting, and was required to put all proceeds into escrow. Mr. Buchanan visited the property shortly thereafter and saw that trees had been cut and logs were still on the ground.

On November 28, 2018, the court ordered that Mary Lou Buchanan and Ralph Buchanan be joined in the lawsuit. Mr. Buchanan filed a cross claim against the Town, claiming title to the property and damages from the logging. Ultimately, his claim for damages from logging failed and his claim that the logging triggered the right of reentry failed, as the Vermont Supreme Court ruled that *exclusive* 4-H use was not mandated by the deed and logging was sufficiently "closely related to 4-H recreational and forestry

4

activities" that it did not constitute a violation of the deed condition. *Id.* Mr. Buchanan then filed an amended complaint seeking to enforce the right of entry based on non-use of the property by the Town. That claim is presently before the court.

In September and October of 2019, the Town and UVM Extension Service and UVM entered into a written Memorandum of Understanding regarding uses and plans for the property. The UVM Extension Program stated that it had been briefed on the Town's plans and had no objection to the contemplated improvements "that would allow and encourage greater use of the parcel by both 4-H participants and the general public." The "contemplated improvements" are specifically described as:

(1) Hiring a logger to harvest the tree farm in the upper area and conduct selective harvesting in the lower area;
(2) Place money in a separate account to be used exclusively for the property; and
(3) Build a parking area, trail to the pond, a lean-to, and a port-o-let or a pit toilet.

It stated that "4-H anticipates using the parcel for educational and recreational programming." The parties agreed to jointly approve any and all improvements. Specific terms regarding communication, scheduling, and evaluations were agreed upon. 4-H is permitted to use the improvements at all times in the same manner as the general public. Furthermore, "upon at least 21 days advance notice to the Town, 4-H may have exclusive use of the parcel or any portion thereof. At all other times, the parcel shall remain open for public use." It was signed on behalf of the Town Selectboard, University of Vermont, and UVM Extension.

On October 1, 2019, the Selectboard of the Town adopted a Resolution approving the Memorandum of Understanding

*Heirs of Emma Buchanan and R.O. Buchanan*

The property was deeded in 1931 to Bruce Buchanan and R. O. Buchanan.

Bruce Buchanan died in 1953, and his one-half interest in the Albany property was conveyed by Probate Court decree to Emma Buchanan on March 28, 1955.

The deed from Emma Buchanan and R. O. Buchanan to the Town of Albany, reserving a right of entry to their heirs on condition subsequent, was dated April 6, 1955.

*Emma Buchanan's heirs*

Emma had a son named Leonard. Leonard died in April of 2006. There is no evidence of who all of his heirs were, or whether an estate was probated or any interests conveyed or decreed to anyone. Leonard was married to Mary Lou Buchanan. Ralph Buchanan is their son. Presumably Ralph Buchanan may be an heir of Leonard, and Mary Lou Buchanan may also have been an heir at the time the lawsuit started. There is insufficient evidence to establish these as facts.

Mary Lou suffered a stroke in 2014. She was in a nursing home and could not communicate well for several years. In 2018 she was in no condition to take care of herself. Ralph Buchanan had power of attorney for her. On October 19, 2018, shortly after Ralph Buchanan had learned of the Albany property, she executed a deed on her own behalf quitclaiming any interest in the Albany property to Ralph Buchanan, who testified that it was executed by her in person in the presence of her attorney. It is unknown whether or not she was competent to execute a legal document on her own behalf at the time. She died on July 29, 2019.

*R.O. Buchanan's heirs*

There is no information about when R.O Buchanan died, or who his heirs were at the time of his death. (It can be inferred from the evidence that he has died.)

R.O. Buchanan had two children, Andrew and David.

Andrew was married and had six children, one of whom has died. On March 6, 2019, a quitclaim deed conveying his interest in the Albany property to Ralph Buchanan was executed on his behalf by Jennae A. Buchanan, POA. While the deed is in evidence, no power of attorney is, and there is no evidence establishing that a valid power of attorney was in effect at the time of the conveyance. Andrew has died. It is unknown who his heirs were at the time of his death. His widow and five of his children are still alive.

David is living. On January 30, 2019, he executed a quitclaim deed conveying his interest in the Albany property to Ralph Buchanan.


**Conclusions of Law**

Cindy Sanville seeks a declaration that the Town's use and proposed use of the property is in violation of the deed condition. She argues that even if the Town is permitted to engage in silviculture (as allowed by the Vermont Supreme Court's ruling), there was no silviculture at all from the 1930's until 2018, and furthermore that the proposed future uses by the general public, such as camping, with 4-H having only occasional use, is not consistent with the purpose of the deed according to its terms.

Ralph Buchanan argues that the deed condition was violated when the property was unused, with no silviculture taking place from the 1930's to 2018, and that based on this nonuse and the rights of Buchanan heirs that he holds, he is entitled to exercise the right of reentry and obtain title to the property.

The Town argues that the terms of the MOU, including use by the people of the Town, are consistent with the purpose of the deed provisions, and that if the intent was exclusive use by 4-H, the property could have been deeded to 4-H. It further argues that Mr. Buchanan has not proved that he is the sole heir entitled to the right of entry.

*Whether there has been a violation of the deed condition*

The facts show that the Town did not undertake any affirmative action to make use of the property from the time it acquired it in 1955 to 2018, nor is there any evidence that 4-H made any use of the property. The plantation of softwood trees was growing but neglected. The Town did not even follow up on the opportunity it was offered in 1975 to have the State provide forestry services to promote healthy and productive growth of the plantation.

However, by the time this lawsuit was filed in October of 2018, that situation had changed significantly. Beginning at Town meeting day in March of that year, a timber harvest was proposed as recommended by the County Forester. By August, the Town and 4-H (through the UVM Extension Program) were in communication about the proposed forestry plan and uses of the property. In September, specific plans were being developed for harvesting of the plantation, use of the property by 4-H, educational programs for school children based on use of the forest, and recreational use of the forest by the public on a limited basis, including simple camping facilities and trail access to the pond for non-motorized boating. Planning continued, and by October of 2019, an MOU was signed between the Town and the UVM officials responsible for the 4-H program in the state. It reserved for 4-H the opportunity for unlimited exclusive use with only 3 weeks notice while providing for limited public use of the property in a manner that maintained the integrity of the forest.

When the Vermont Supreme Court construed the provisions of the deed condition, it explicitly ruled that the deed did not provide for exclusive 4-H use, and that furthermore uses were allowed that were "closely related" to those specified in the deed language: "[W]e conclude that it is clear that logging is at least one use related to forests and to 4-H recreational and forestry activities. . . Indeed, logging appears to be so closely related to these purposes, the absence of an express prohibition on logging in the deed is striking. . ." *Id.* (citations omitted). The effect of the ruling is that (a) the Town may allow others than 4-H members to use the property while preserving the opportunity for 4-H use, and (b) any uses by others must be "closely related" to "a memorial 4-H forest for use by young people in particular, and for 4-H recreational and forestry purposes."

The "contemplated improvements" agreed upon between the Town and 4-H in the MOU provide for uses that are completely compatible with maintenance of a forest that is a 4-H memorial forest, and with 4-H recreational and forestry purposes. The plan does not provide for cutting down any trees except for the remaining plantation trees that need harvesting in connection with recommended forestry practices and "selective" cutting in the lower wooded portion of the property, presumably in accord with "timber stand improvement" practices. Thus the MOU provisions will preserve the property as a whole in a forested state as a "memorial 4-H forest." Using the cleared log landing as a parking lot for school buses and others will provide a parking space for those using the property for recreational and forestry purposes. Rudimentary camping facilities and an access trail

to the pond for canoes and kayaks will enable 4-H members and others to use the property for recreational experiences on a forested property.

In sum, the planned uses are all consistent with the intended 4-H use of the property as described in the deed, and because the deed did not make the uses exclusive to 4-H, the Supreme Court ruling means that the Town is allowed to permit the same uses by others as well. It is also noteworthy that under the MOU, 4-H has the opportunity to have unlimited exclusive use of the entire property for its recreational and forestry purposes when it chooses to do so and provides only 21 days notice.

The court concludes that prior to the filing of the lawsuit, the Town had undertaken plans for uses of the property compatible with the deed condition, and the current plan as set forth in the MOU does not violate the condition. Thus there is no right on the part of Buchanan heir(s) to exercise the right of reentry and obtain ownership of the property.

*Whether Entitlement to Exercise the Right of Reentry Has been Proved*

As the Findings of Fact show, there is evidence suggesting that Ralph Buchanan may be a person with the right of reentry if the condition is violated, and may be the only such person, but the evidence presented at the hearing is not sufficient to meet the burden of proof that he is an heir and the sole person entitled to exercise the right of reentry upon violation of the deed condition. He is not precluded from proving, in a future action, that he has the right if he asserts a claim based on an alleged violation of the deed condition.

## Order

For the foregoing reasons, it is hereby ordered that:

1. Cindy Sanville's request for a declaration is granted and the court declares that at the present time the Town shall maintain a continuing right to possession of the subject property under the deed terms;
2. Ralph Buchanan's claim to quiet title has not been proved;
3. The Town is entitled to continued possession of the subject property on the terms set forth in the 1955 deed; and
4. The Town's attorney shall prepare a Judgment pursuant to this Decision for review by other counsel pursuant to V.R.C.P. 58 (d).

Electronically signed January 8, 2024 pursuant to V.R.E.F. 9 (d).

*Mary Miles Teachout*

Mary Miles Teachout
Superior Judge (Ret.), Specially Assigned